## JACOB I. BUSBY ET AL. v. JOHN D. SCOTT & CO.

The 81st section of the act to regulate proceedings in the district court reads as follows: "Both parties shall be considered as having a joint interest to [in?] all depositions, when cross-interrogatories have been filed and answered, and either party shall have the right to use such depositions on the trial." (Paschal's Dig., Art. 3740, Note 850.) The court waived a decision upon the point, as to whether the facts confessed do not preclude evidence to contradict such facts.

Where the suit is against the maker, and the issue is as to the sufficiency of the consideration, the indorser is not a competent witness against his co-defendant, the maker, because of his interest. (Paschal's Dig., Art. 4785, Note 1071.)

The 3d section of the act of 15th February, 1858, further to regulate proceedings in the district court, which allowed the examination of opposing parties as witnesses, was intended to remove the incompetency of a party to the suit to testify; but it left the objections, on account of interest, &c., unaffected. (Paschal's Dig., Art. 3754, Note 857.)

APPEAL from Tyler. The case was tried before Hon. JAMES M. MAXCY, one of the district judges.

The suit was upon a note. The defendant relied upon a failure of consideration, and that, although the note was sued by an indorsee, it was in fact indorsed after maturity,

and was therefore subject to all legal defenses. (Paschal's Dig., Art. 221, Note 284.) The facts are sufficiently stated in the opinion of the court.

*Hicks & Neyland,* for the appellants, put in a brief upon the facts of the case.

No brief for the appellees has been furnished to the *Reporter.*

SMITH, J.—The appellant, Busby, executed his note, dated March 1, 1859, for $2,291 47, payable at ten months to the order of H. H. Hough, or bearer, and was indorsed in blank by Hough to the plaintiffs below, and they sue the maker and indorser in this suit.

Busby pleads that the consideration of the note was a lot of goods purchased by him of C. H. Jones; that by agreement, to which Jones, Hough, and himself were parties, the transaction was entirely rescinded and note canceled; that at the time Hough represented that the note was lost or mislaid, but so soon as recovered it would be delivered to him; that Hough, after the maturity of the note, sold and indorsed it to the plaintiffs below, who acquired it at the time with full notice of the agreement and cancellation of the note, and propounded interrogatories to them to prove all these averments in his answer; they failed to answer the interrogatories, and upon the trial they were taken *for confessed.* The plaintiffs then introduced the indorser upon the note, Hough, as a witness, to prove that the plaintiffs became the owners and holders of the note before its maturity, and without any notice of the cancellation, or of any of the alleged defense set forth in the defendant's, Busby's, answer. To this witness the said defendant objected, upon the ground that the plaintiffs were introducing evidence contradicting the truth of the facts taken for confessed, by reason of the failure on the

part of. the plaintiffs to answer the interrogatories, and also upon the further ground, that the witness was interested in the result of the suit. These objections were overruled by the court, and judgment was rendered against him and the indorser, Hough, from which he, the said Busby, has appealed to this court, and assigns these rulings as error.

The answer of the defendant, Busby, does not set out the terms of the agreement to cancel the note and his compliance with them with that fullness and precision that is desirable in pleadings, but there is no exception to it on that ground, and it may be sufficient on general exception.

Article 736, [476 ?] O. & W. Dig., reads as follows:. "The party interrogated shall answer on oath and categorically each of the questions put to him, unless he cannot do so without criminating himself, and, if he refuse or neglect to do so, the facts concerning which he shall have so refused or neglected to answer shall be taken for confessed." [Paschal's Dig., Art. 3749, Note 853.]

There is nothing in the article expressly forbidding the party interrogated from introducing evidence to controvert the truth of the facts thus admitted; but we are not prepared to say that it is not in opposition to the spirit and object of the law, and the practice of the courts of equity in respect to answers taken *pro confesso*, but we waive a decision of the point at present.

We are of opinion, that there was error committed by the admission of the indorser, Hough, as a witness in the cause in favor of the plaintiffs against his co-defendant, Busby. He was interested in the result of the suit with the plaintiffs. If the maker of the note could be held liable, this would secure him against loss; for, if he were compelled to pay the judgment to the plaintiffs, he, as indorser or security, would be subrogated to the benefits of the judgment as against the maker. Whereas if the maker were discharged from the debt, then he [the in-

dorser] alone would be accountable, and would be without recourse on the maker or any other person.

As Hough was a party to the suit, it may have been supposed that he was rendered competent by an act of February 18, 1858, Art. 481, (O. & W. Dig.,) which provides, "that either party to a suit may examine the opposing party as a witness, either personally in court or upon interrogatories filed in the cause," &c. The language of this clause is very comprehensive, and would literally embrace all opposing persons; but such was not the intention of the legislature. It was the purpose of the law to remove the objection to the competency of a person to testify as a witness on the ground of being a party to the suit, and the other objections on account of interest, &c., were left unaffected by this statute, (23 Tex. 524; 24 Tex., 407,) and, therefore, we must conclude that the court below erred in overruling the objection of interest urged by the defendant below to the witness Hough, and for that the cause is reversed and

REMANDED.